Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6459 | **DATE** | Feb. 18, 2003 |
| **CASE TITLE** | Clayton Starks, III  v  Northeast Ill. Regional Commuter RR, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss Counts III through V is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | FEB 19 2003 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAYTON STARKS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 6459 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| NORTHEAST ILLINOIS REGIONAL | ) |
| COMMUTER RAILROAD CORPORATION, | ) |
| d/b/a METRA/Metropolitan Rail, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clayton Starks, III has brought a five count complaint against defendant alleging (1) racially hostile work environment; (2) retaliation; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; and (5) disparate treatment, in Counts I through V respectively. Defendant has moved to dismiss Counts III through V for failure to state a claim. For the reasons set forth below, the motion is denied.

## FACTS

Plaintiff, an African-American male, has worked for defendant since approximately June 1993, most recently as a conductor. In October 2001, plaintiff requested to work the "Burro Crane Pilot" position, which is a higher paying position than most jobs available at defendant. The crane generally runs and, therefore, the position is open, one week at a time. Plaintiff alleges that starting in October 2001, after his request, he would be assigned to the position for one or two days and then the position would be terminated, only to be reopened the next day with a Caucasian worker with less seniority working the rest of the week. Plaintiff complained to his

union in October 2001, but no action was taken. Plaintiff also complained to his supervisor, Michael Stuckey, but received no response.

On November 26, 2001, plaintiff again complained to Stuckey. Outside Stuckey's door was a sign that said "English Only." Upon entering the office, Stuckey began snickering and looking above plaintiff's head. Tied to a pipe hanging directly above plaintiff's head was a hangman's noose.

## DISCUSSION

In Counts III and IV, plaintiff alleges state law claims for negligent and intentional infliction of emotional distress. Defendant argues that these claims for personal injury must be brought pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51. Defendant argues that FELA is the exclusive remedy for injured railroad workers. See Myers v. Illinois Central R. Co., 323 Ill. App.3d 780, 786 (4th Dist. 2001).

Defendant is correct that FELA generally provides the exclusive remedy for railroad employees seeking to recover for personal injury sustained in the course of employment. Erie Railroad Co. v. Winfield, 244 U.S. 170 (1917). The Supreme Court has held, however, that FELA applies only when the plaintiff suffers a physical injury or non-physical injury resulting from physical impact. Consolidated Rail Corp. v. Gottshall, 512 U.S. 532 (1994). In Gottshall, the Court found that an emotional injury constitutes injury resulting from an employer's negligence for purposes of FELA only if it would be compensable under the common-law zone of danger test. Id. at 555. Because this zone of danger test "limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct," there can be no FELA claim

2

for emotional damages absent physical impact or threat of immediate physical harm. Id. at 547-48. Throughout its opinion in Gottshall, the Court cited with approval the Seventh Circuit opinion in Lancaster v. Norfolk and Western Railroad, 773 F.2d 807, 815 (7th Cir. 1985), holding that "FELA does not reach torts which work their harm through nonphysical means."

In the instant case, plaintiff makes no allegation of physical harm or physical impact, or that he was ever placed in immediate risk of physical harm. Plaintiff's allegation that he has suffered physical and emotional pain and suffering is not, as defendant argues, an allegation of physical injury or impact, and is insufficient to support a FELA claim. Therefore plaintiff's claim for negligent and intentional infliction of emotional distress are not cognizable under FELA.

That leaves the question of whether FELA preempts any claims for personal injuries that are not cognizable under that statute. A federal statute, such as FELA, overrides state law when the scope of the statute indicates that Congress intended to "occupy the field," or when the state law is in actual conflict with the federal statute. Harris-Scaggs v. Soo Line R.R. Co., 2 F. Supp.2d 1179, 1183-84 (E.D. Wis. 1998) (citing Freightliner Corp. v. Myrick, 514 U.S. 280, 287 (1995)). Because FELA has no explicit preemptive language, the question becomes whether Congress' intent to supercede state law altogether may be found from a scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room for supplemental state regulation ["whole field preemption"], either "because the act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state law on the same subject, or because the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the

3

same purpose." Pacific Gas and Electric Co. v. Energy Resources Comm'n, 461 U.S. 190, 203-04 (1983); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947).

Even where Congress has not completely displaced state regulation in a whole field, state law is also nullified to the extent that it actually conflicts with federal law. Such a conflict arises when "compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Hillsborough County, Fla. v. Automated Medical Laboratories, Inc., 471 U.S. 707, 713 (1985).

In Harris-Scaggs, Judge Adelman, faced with the exact issue presented to this court, concluded that "FELA hardly compels the conclusion that Congress meant to displace all relevant state law." Harris-Scaggs, 2 F. Supp. at 1184. As Harris-Scaggs notes, Gottshall demonstrates that FELA incorporates common law rules by design. Id. This court agrees with Harris-Scaggs that nothing in the statutory design of FELA or its subsequent judicial interpretations compels a conclusion that FELA "occupies the field" to such an extent that non-actionable FELA claims cannot be pursued as state law torts. Id. at 1185.

Nor can this court conceive of any manner in which plaintiff's claim for negligent and intentionally infliction of emotional distress would interfere with FELA compliance or obstruct the legislative goals of that statute. FELA is a fault based scheme, as are state tort laws. Id. Accordingly, the court concludes that plaintiff's negligent and intentional infliction of emotional distress claims are not preempted by FELA. Defendant's motion to dismiss Counts III and IV is denied.

4

Finally, in Count V, plaintiff alleges a claim for disparate treatment. Defendant argues the count should be dismissed for failure to identify the federal law upon which plaintiff relies. Defendant is simply wrong. Under federal notice pleading "plaintiff is not required to plead facts or legal theories or cases or statues, but merely to describe his claims briefly and simply." Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2002). Defendant can "smoke out" plaintiff's theory of the case by serving a contention interrogatory. Id. Therefore, defendant's motion to dismiss Count V is also denied.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss Counts III through V is denied.

**ENTER:** **February 18, 2003**

Robert W. Gettleman
United States District Judge